# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

KEITH WARE,

      Petitioner,

v.

J.V. FLOURNOY,

      Respondent.

CIVIL ACTION NO.: 2:15-cv-84

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Ware ("Ware"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response, (doc. 9), and Ware filed a Traverse. (Doc. 10.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Ware's Section 2241 Petition, and **CLOSE** this case.

## BACKGROUND

On September 20, 1994, the grand jury in the United States District Court for the District of Rhode Island indicted Ware on charges of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Indictment, United States v. Ware, 1:94-cr-69 (D.R.I. Sept. 20, 1994), ECF No. 1. Prior to trial, the government filed a notice alleging that Ware had five prior convictions that would serve as predicate offenses under the Armed Career Criminal

Act, 18 U.S.C. § 924(e) ("ACCA").[1]  Notice, United States v. Ware, 1:94-cr-69 (D.R.I. Jan. 25, 1995), ECF No. 20. Following a two day trial, the jury found Ware guilty of the one count against him. Jury Verdict, United States v. Ware, 1:94-cr-69 (D.R.I. Feb. 22, 1995), ECF No. 27. Prior to sentencing, the United States Probation Office prepared a Presentence Report ("PSR"), which recommended that the ACCA applied because of Ware's five prior convictions. (Doc. 22, ¶¶ 22, 63.) The PSR concluded that Ware faced a mandatory minimum fifteen-year sentence with a Guideline range of 262 to 327 months. (Id. at ¶ 63.) The District Court sentenced Ware to 300 months in prison. J., United States v. Ware, 1:94-cr-69 (D.R.I. June 26, 1995), ECF No. 29. Ware filed an appeal to the First Circuit Court of Appeals which affirmed his conviction and sentence. Mandate, United States v. Ware, 1:94-cr-69 (D.R.I. Jan. 14, 1997), ECF No. 34.

Over the ensuing years, Ware has filed several habeas petitions under 28 U.S.C. §§ 2241 and 2255, as well as applications in the First Circuit Court of Appeals to file second or successive Section 2255 motions. These petitions and applications have all been dismissed. See Ware v. United States, Case No. 05-2267 (1st Cir. Sep. 15, 2005); Ware v. United States, Case No. 99-2234 (1st Cir. Feb. 7, 2001); J., Ware v. Martinez, No. 1:07-cv-392 (D.R.I. Nov. 14, 2007), ECF No. 4; Order, Ware v. Minor, No. 1:07-cv-317 (D.R.I. Oct. 30, 2007), ECF No. 5;

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Ware would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

Order, Ware v. Minor, No. 3:07-cv-01324 (M.D. Pa. July 31, 2007), ECF No. 3; Order, Ware v. United States, No. 1:98-cv-408 (D.R.I. May 17, 1999), ECF No. 3.

## DISCUSSION

In his current Petition, which was filed on July 9, 2015, Ware states his sentence exceeds the statutory maximum in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1, p. 4.) Specifically, Ware asserts his convictions under Rhode Island law for possession of LSD, breaking and entering with intent to commit larceny, manufacture and delivery of marijuana, and breaking and entering a dwelling no longer qualify as predicate offenses under the ACCA. (Id. at pp. 9–10.) Additionally, Ware contends that the can bring his Petition in this Court under Section 2241 because he qualifies for the "savings clause" of 28 U.S. C. § 2255(e). (Id. at p. 8.)

Respondent contends that this Court lacks jurisdiction over Ware's Petition because this case does not fall within Section 2255(e)'s savings clause. (Doc. 9, pp. 3–6.) Respondent specifically contends that, because Ware raises claims based on a new rule of constitutional law, Ware can pursue those claims under 28 U.S.C. § 2255(h)(2). Id. Thus, Respondent contends, the relief afforded by Section 2255 is not inadequate or ineffective as required by the savings clause. Id. In addition, Respondent asserts Ware was sentenced properly as an armed career criminal, even under the Johnson decision. (Doc. 9, pp. 7–11.)

**I.  Whether Ware can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting

Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255" in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). Because Ware's previous Section 2255 motion was denied by the court that imposed his sentence, he may not file another Section 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which he has not done. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Rather than seeking permission to file a second 2255 motion from the First Circuit Court of Appeals, Ware filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Ware asserts that he properly filed this motion under Section 2241 because he is "actually innocent" of being an armed career offender. (Doc. 1, pp. 8–11.) Specifically, Ware argues that, due to the United States Supreme Court's decision in Johnson, he "meets all requirements of [28 U. S. C. § 2255(e)'s] savings clause, and is moreover actually innocent of the underlying [ACCA] conviction and enhanced sentence." (Id. at p. 8.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim.[2] Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in

---

[2] Respondent does not address the five Bryant factors in his brief. Rather, he argues for a different interpretation of "inadequate or ineffective" under the savings clause. (Doc. 9, pp. 4–7.) Specifically, he contends that "Section 2255 may be 'inadequate or ineffective' when a defendant is categorically deprived of any opportunity to ever assert a new claim under its provisions – for example, where the prisoner already has litigated a § 2255 motion and wishes to pursue a second or successive such motion based on a new retroactive construction of the terms of a statute or treaty." (Id. at p. 4.) Respondent argues that petitioners, like Ware, who rely upon new rules of constitutional law have an avenue for relief under 28 U.S.C. § 2255(h). (Id. at pp. 4–7.) Thus, Respondent contends, Section 2255 is not "inadequate of ineffective" to address Ware's arguments of constitutional law. Id. Therefore, Respondent's line of reasoning continues, Ware should not be allowed to rely upon the savings clause but instead should petition the First Circuit for permission to proceed under Section 2255(h). Id. Respondent notes that the Eleventh Circuit has described his proposed approach as "intriguing" and "doctrinally attractive." (Id. at p. 5 (citing Flint v. Jordan, 514 F.3d 1165, 1167 (11th Cir. 2008).). However, the Eleventh Circuit has not adopted this position. Flint, 514 F.3d at 1167 ("As alluring as the government's theory may be, we have no occasion to decide whether we should embrace it."). In Bryant, the Court of Appeals rejected a related but different approach proposed by amicus counsel. Bryant, 738 F.3d at 1284. The court declined to hold that the savings clause should only apply to constitutional, as opposed to statutory, claims. Id. In

5

Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the

---

so doing, the Eleventh Circuit indicated that there are some constitutional claims that could be heard under the savings clause because they could not "pass muster" under Section 2255(h). Id. ("Under amicus's reasoning, the savings clause in § 2255(e) cannot allow consideration of mere statutory claims because such claims could never be more serious than the myriad constitutional claims that will not pass muster under § 2255(h)(2)." (emphasis supplied)). Moreover, as a Court of Appeals judge who disagrees with Bryant's approach has observed, at this time, Bryant is this Circuit's binding precedent on the savings clause in the sentencing context. Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1275–76 (11th Cir. 2014) (Pryor, J., concurring) ("I agree that our prior panel precedent in [Bryant] governs our analysis of this appeal. . . . But I write separately to explain why the rule contrived in Bryant is indefensible as a matter of textual interpretation."). The Eleventh Circuit has not indicated, through Bryant or any other case, that the applicability of Section 2255(e) hinges on whether the issue raised is "statutory" or "constitutional." Accordingly, this Court should proceed under Bryant rather than Respondent's suggested approach. Moreover, because Petitioner does not meet the Bryant factors, the Court need not address the more restrictive approach advanced by Respondent.

merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Additionally, the mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make the remedy afforded by Section 2255 "inadequate or ineffective" to trigger the savings clause. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)).

Ware's Petition relies upon the Supreme Court's decision in Johnson. Thus, under the third Bryant step, Ware must establish that the rule announced in Johnson applies retroactively to cases on collateral review. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." ___ U.S. at ___, 135 S. Ct. at 2563.³ The Eleventh Circuit has concluded "that Johnson announced a new substantive rule of constitutional law," but has

---

³ The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56. In Johnson, though the Court struck down the residual clause, it clarified that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2553.

7

"reject[ed] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015)).[4]

I recognize that, in Rivero, the Eleventh Circuit did not address the retroactivity of Johnson in the context of the savings clause of Section 2255(e). Rather, the court addressed whether the petitioner could bring a second or successive petition under Section 2255(h)(2). The Court of Appeals stressed that, to satisfy Section 2255(h)(2), the Supreme Court must make the ruling of Johnson retroactive. Rivero, 797 F.3d at 989 ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). Further, the Eleventh Circuit previously emphasized that the retroactivity question under the savings clause of Section 2255(e) is "quite different from the stricter, statutory retroactivity requirements in 28 U.S.C. § 2255(h)."

---

[4] The Eleventh Circuit has reemphasized its stance that Johnson does not apply retroactively to cases on collateral review. In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016). The United States Supreme Court recently granted certiorari to decide the issue of retroactivity to resolve a split amongst the Circuits. Welch v. United States, No. 15-6418, ____ S. Ct. ____, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016). I see no reason to wait on the Court's decision in Welch to address this Section 2241 Petition as that decision will not change the ultimate outcome of this case. If the Supreme Court finds Johnson not to be retroactive to cases on collateral review, then Ware could not satisfy the savings clause. Even if the Supreme Court finds Johnson to be retroactive, then it appears that the savings clause would not apply, because Ware would have a remedy under 28 U.S.C. § 2255(h) to obtain permission from the First Circuit Court of Appeals to file a second or successive Section 2255 petition. In any event, the Court cautions Ware that, in order to obtain the relief he seeks, he may need to file a petition with the First Circuit Court of Appeals under 28 U.S.C. § 2255(h) to file a second or successive Section 2255 motion to attack the validity of his sentence. This Court expresses no opinion on the ultimate merits or success of that application or any resulting petition. However, the Court forewarns Ware that 28 U.S.C. § 2255(f) includes a one year period of limitation. For purposes of 28 U.S.C. § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted, not from the date on which the right asserted is made retroactively applicable. Dodd v. United States, 545 U.S. 353, 357 (2005).

Bryant, 738 F.3d at 1278. Nevertheless, in Rivero, the Eleventh Circuit did not merely hold that the Supreme Court had not made Johson retroactive. Rather, the court went on to hold that "the rule announced in Johnson does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies." Rivero, 797 F.3d at 989. Pertinently, when analyzing retroactivity in Rivero, the court focused on the same factors that it discussed when analyzing retroactivity in Bryant. Compare Rivero, 797 F.3d at 989–90 and Bryant, 738 F.3d at 1277–78. Consequently, this Court and others have relied upon Rivero to find that Johnson does not apply retroactively even in the Section 2255(e) context. See Harris v. Warden, FCC Coleman Medium, No. 5:14-CV-173-OC-29PRL, 2015 WL 9460076, at *5 (M.D. Fla. Dec. 28, 2015) ("This Court is bound to follow [Rivero]. . . . While it may be that the Johnson decision will eventually allow for the filing of a second or successive § 2255 motion pursuant to § 2255(h)(2), Petitioner is not permitted to proceed with his § 2241 Petition to raise his Johnson-related arguments at this time."); Dixon v. Hastings, No. 2:14-cv-170, 2015 WL 8489974, at * 2 (S.D. Ga. Dec. 9, 2015) (Johnson not retroactive and, therefore, could not hear Section 2241 petition under the savings clause).

I also recognize that, unlike Ware, the petitioner in Bryant was sentenced in a court within the Eleventh Circuit and filed his Section 2255 motion and his Section 2241 Petition in a court within the Eleventh Circuit. Thus, in Bryant, the Court of Appeals held that it had "no occasion to address or decide any issues specific to another scenario, where the § 2241 petition is filed in this Circuit, but the § 2241 petitioner was originally sentenced in another circuit under that circuit's law and his first § 2255 motion would thus have been filed in another circuit." Bryant, 738 F.3d at 1276 n.16. This scenario, being convicted in one circuit and filing a Section

9

2241 petition in the Eleventh Circuit, is exactly the situation posed by Ware's procedural history. Since Bryant, the Eleventh Circuit has clarified that, in such cases, courts must look to the law of the circuit of the petitioner's conviction when addressing the first two Bryant steps: (1) whether binding circuit precedent squarely foreclosed the claim throughout his sentence, direct appeal, and first § 2255 proceeding; and (2) whether subsequent to his first 2255 proceeding, a Supreme Court decision overturned that circuit precedent. Campbell v. Warden, FCC Coleman-Medium, 595 F. App'x 839, 842 (11th Cir. 2014) ("In Bryant, we expressly declined to decide how to evaluate a § 2241 petition filed by a prisoner who originally was sentenced in another circuit, under that circuit's law, and who filed his first § 2255 motion in that circuit. . . . However, in Samak v. Warden, FCC Coleman–Medium, 766 F.3d 1271, 1275 n.3 (11th Cir. 2014), we looked to whether Fifth Circuit precedent had squarely foreclosed the claim of a prisoner who was charged, convicted, and sentenced in the U.S. District Court for the Eastern District of Louisiana."). However, the Eleventh Circuit has not indicated that the third step, whether the rule announced in that Supreme Court decision applies retroactively on collateral review, should be decided by the law of another circuit.

Further, I see no reason why the law of the Circuit of conviction should apply to the third Bryant step. The first two Bryant steps pertain to the law that applied during the underlying case, the appeal, and the Section 2255 motion. Specifically, those steps inquire into what issues a petitioner could have successfully raised through those earlier proceedings. Logically, the court must look to the law of the Circuit where the underlying case, the appeal, and the Section 2225 motion were adjudicated to make that determination. The third Bryant step has no such considerations. At that step, the Section 2241 court is assessing whether it can retroactively

apply the Supreme Court decision that a petitioner is relying upon during the Section 2241 proceeding. This is a determination that should be made based on the law of the Circuit where the Section 2241 petition is brought, which in this case is the Eleventh Circuit. See Williams v. Warden, FCC Coleman-USP, No. 5:03-CV-415-OC-10GRJ, 2005 WL 2757312, at *1 (M.D. Fla. Oct. 25, 2005) (applying law of Eleventh Circuit to question of retroactivity of Supreme Court decision during savings clause analysis of Section 2241 petition when petitioner was convicted in another circuit); Lorenzo-Perez v. United States, No. 5:05CV309OC10GRJ, 2005 WL 1668902, at *1 (M.D. Fla. July 15, 2005) (same).

In sum, because Ware relies upon Johnson in his Section 2241 Petition, his claims are not based upon any retroactively applicable Supreme Court decision (at least in this Circuit), and, therefore, he cannot invoke Johnson to proceed under the savings clause of Section 2255(e). Because Ware has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Therefore, this Court does not have jurisdiction to entertain this Petition or to address the parties' remaining arguments.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Ware's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Ware and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA