# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

KEITH WARE,       *
      *
      Petitioner,       *        CIVIL ACTION NO.: 2:15-cv-84
      *
    v.       *
      *
J.V. FLOURNOY,       *
      *
      Respondent.       *

## O R D E R

Presently before the Court is the Magistrate Judge's March 18, 2016, Report and Recommendation, dkt. no. 13, to which no objections have been filed. After an independent and *de novo* review of the entire record, the Court **ADOPTS** the Report and Recommendation, as modified and supplemented below, as the opinion of the Court. Consequently, the Court **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, dkt. no. 1. Additionally, the Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

### BACKGROUND

On September 20, 1994, the grand jury in the United States District Court for the District of Rhode Island indicted Petitioner on charges of being a convicted felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Indictment, United States v. Ware, 1:94-cr-69 (D.R.I. Sept. 20, 1994), ECF No. 1. Prior to trial, the Government filed a notice alleging that Petitioner had five prior convictions that would serve as predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[1] Notice, United States v. Ware, 1:94-cr-69 (D.R.I. Jan. 25, 1995), ECF No. 20. Following a two day trial, the jury found Petitioner guilty of the one count against him. Jury Verdict, United States v. Ware, 1:94-cr-69 (D.R.I. Feb. 22, 1995), ECF No. 27. Prior to sentencing, the United States Probation Office prepared a Presentence Report ("PSR"), which recommended that the ACCA applied because of Petitioner's five prior convictions. Dkt. No. 22, ¶¶ 22, 63. The PSR concluded that Petitioner faced a mandatory minimum fifteen-year sentence with a Guideline range of 262 to 327 months. (Id. at ¶ 63.) The District Court sentenced Petitioner to 300 months in prison. J., United States v. Ware, 1:94-cr-69 (D.R.I. June 26, 1995), ECF No. 29. Petitioner filed an appeal to the First Circuit Court of Appeals which affirmed his

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Ware would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

conviction and sentence. Mandate, United States v. Ware, 1:94-cr-69 (D.R.I. Jan. 14, 1997), ECF No. 34.

As laid out in the Magistrate Judge's Report and Recommendation, Petitioner has filed several habeas petitions under 28 U.S.C. §§ 2241 and 2255, as well as applications in the First Circuit Court of Appeals to file second or successive Section 2255 motions. These petitions and applications have all been dismissed. See Ware v. United States, Case No. 05-2267 (1st Cir. Sep. 15, 2005); Ware v. United States, Case No. 99-2234 (1st Cir. Feb. 7, 2001); J., Ware v. Martinez, No. 1:07-cv-392 (D.R.I. Nov. 14, 2007), ECF No. 4; Order, Ware v. Minor, No. 1:07-cv-317 (D.R.I. Oct. 30, 2007), ECF No. 5; Order, Ware v. Minor, No. 3:07-cv-01324 (M.D. Pa. July 31, 2007), ECF No. 3; Order, Ware v. United States, No. 1:98-cv-408 (D.R.I. May 17, 1999), ECF No. 3.

Then, on July 9, 2015, Petitioner filed the instant Petition, pursuant to 28 U.S.C. § 2241, disputing his classification as an armed career criminal. In his current Petition, which was filed on July 9, 2015, Petitioner states his sentence exceeds the statutory maximum in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1, p. 4.) Specifically, Petitioner asserts his convictions under Rhode Island law for possession of LSD, breaking and entering with

intent to commit larceny, manufacture and delivery of marijuana, and breaking and entering a dwelling no longer qualify as predicate offenses under the ACCA. (Id. at pp. 9-10.) Additionally, Petitioner contends that he can bring his Petition in this Court under Section 2241 because he qualifies for the "savings clause" of 28 U.S. C. § 2255(e). (Id. at p. 8.)

The Magistrate Judge recommended that the Court dismiss the Petition because Petitioner could not challenge his sentence pursuant to 28 U.S.C. § 2241. Dkt. No. 13, pp. 3-10. Specifically, the Magistrate Judge found that Petitioner could not satisfy the savings clause of 28 U.S.C. § 2255(e). Id. Among other reasons, the Magistrate Judge explained that the Eleventh Circuit had held that Johnson did not apply retroactively to cases on collateral review. Id. (citing In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015)).

Subsequent to the Report and Recommendation, the United States Supreme Court decided Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), and held that Johnson applies retroactively to cases on collateral review. Originally, the Court adopted the Report and Recommendation of the Magistrate Judge. However, on May 12, 2016, the Court withdrew that adoption in light of Welch. Dkt. No. 16. The Court directed the parties to address the impact of Welch on Petitioner's claims. Id.

Only Respondent has responded to the Court's Order. Dkt. No. 17. Respondent contends that Welch does not alter the appropriate disposition of Petitioner's 28 U.S.C. § 2241 petition. Specifically, Respondent states that Petitioner cannot avail himself of the savings clause of Section 2255(e) because he has an adequate remedy to pursue his claims by requesting permission from the First Circuit Court of Appeals to file a successive Section 2255 petition under Section 2255(h)(2). Id. at p. 2. To that end, Respondent explains that Petitioner has filed such an application, and the First Circuit granted that application on June 8, 2016. Id. Respondent attaches Petitioner's application and the First Circuit's Order granting the application. Dkt. Nos. 17-1, 17-2.

## DISCUSSION

In his Report and Recommendation, the Magistrate Judge noted that the Supreme Court had granted certiorari in Welch. Dkt. No. 14, p. 7, n.6 (citing Welch v. United States, No. 15-6418, _____ S. Ct. _____, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016)). However, the Magistrate Judge stated that, even if the Supreme Court found Johnson to be retroactive, Petitioner's 2241 action must be dismissed. Id. Specifically, the Magistrate Judge stated that Petitioner would have a remedy under 28 U.S.C. § 2255(h) to pursue permission from the Court of Appeals to file a second or successive 2255 motion. Id. Therefore,

Section 2255 would not be inadequate or ineffective as to Petitioner's claims. While the Court agrees with this conclusion, given the decision in Welch, the Court expands the supporting discussion.[2]

## I.  Whether Petitioner can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner who has already brought a motion under Section 2255 must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 motion. 28 U.S.C. § 2255(h).

Rather than seeking such permission from the First Circuit, Petitioner first filed this Petition for habeas corpus relief

---

[2]  Much of the below discussion regarding the background of habeas procedure echoes that of the Magistrate Judge. However, the repetition is necessary to properly frame the Court's post-Welch analysis.

pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added). The above-underlined portion of Section 2255(e) is referred to as the "savings clause."

Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Petitioner asserts that he properly filed this Petition under Section 2241 because he is "actually innocent" of his ACCA conviction and sentence. Specifically, Petitioner argues that, due to the Supreme Court's decision in Johnson, he can proceed under the "savings clause" of Section 2255(e).

In *Bryant*, the Eleventh Circuit articulated the
requirements a petitioner must meet in order to proceed under
the savings clause with a Section 2241 petition that raises
sentencing claims. 738 F.3d 1253. The petitioner must
establish that: (1) binding circuit precedent squarely
foreclosed the claim "throughout his sentence, direct appeal,
and first § 2255 proceeding"; (2) "subsequent to his first 2255
proceeding," a Supreme Court decision overturned that circuit
precedent; (3) the rule announced in that Supreme Court decision
applies retroactively on collateral review; (4) as a result of
the new rule, the petitioner's current sentence exceeds the
statutory maximum penalty authorized by Congress; and (5) the
savings clause reaches the petitioner's claim. *Bryant*, 738 F.3d
at 1274 (synthesizing the savings clause tests discussed in
*Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), *Gilbert v.
United States*, 640 F.3d 1293 (11th Cir. 2011), and *Williams v.
Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th
Cir. 2013)); *see also* *Jeanty v. Warden*, 757 F.3d 1283, 1285
(11th Cir. 2014); *Mackey v. Warden, FCC Coleman*, 739 F.3d 657,
661–62 (11th Cir. 2014) (approving the *Bryant* test factors and
concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to
obtain relief. *Bryant*, 738 F.3d at 1274. Moreover, "[t]he
petitioner bears the burden of coming forward with evidence

affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." <u>Smith v. Warden, FCC Coleman-Low</u>, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." <u>Id.</u> (citation omitted).

As noted above, Petitioner's attempt to "open the portal" rests upon the Supreme Court's decision in <u>Johnson</u>. In <u>Johnson</u>, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." <u>Id.</u>

Petitioner's <u>Johnson</u> claims do not satisfy the <u>Bryant</u> factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. Petitioner has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the First Circuit Court of Appeals to file a second or successive Section 2255 petition.[3]

---

[3] 28 U.S.C. § 2255(h) provides,

Indeed, the Supreme Court's decision in <u>Welch</u> making <u>Johnson</u> retroactive fortifies the remedy available to Petitioner through Section 2255(h).[4]  The availability of this remedy as to Petitioner is readily apparent as he has sought and been granted leave to file a successive Section 2255 Petition.  Dkt. Nos. 17-1, 17-2.  Thus, he cannot say that Section 2255 is inadequate or ineffective to raise his <u>Johnson</u> claims.

Moreover, the savings clause of Section 2255(e) only applies where a petitioner is categorically prevented from ever proceeding with a successive Section 2255(h) motion, such as

---

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[4] Subsequent to <u>Welch</u>, this Court has concluded in other cases that petitioners cannot bring a <u>Johnson</u> claim via Section 2241 due the availability of relief under Section 2255(h).  <u>See, e.g.</u>, <u>Mims v. Flournoy</u>, No. 2:15-CV-95, 2016 WL 3023311, at *3 (S.D. Ga. May 23, 2016)(dismissing Section 2241 Petition attacking sentence under <u>Johnson</u> because petitioner "has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the [] Court of Appeals to file a second or successive Section 2255 petition.").  Other courts have agreed that, while <u>Johnson</u> and <u>Welch</u> may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e) as Petitioner attempts to do here.  <u>See</u> <u>King v. Werlich</u>, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under <u>Johnson</u>.").

when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377-78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Petitioner currently has available to him an actual remedy under Section 2255(h).

This Court expresses no opinion on the ultimate success of Petitioner's Section 2255(h) application. However, regardless of the merits of Petitioner's Johnson arguments, he clearly has a procedural avenue to assert those arguments. As such, he need not, and, thus, cannot, rely upon Section 2255(e) to assert his Johnson claims. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Petitioner may be unable to comply with procedural restrictions. Jones v.

Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Petitioner brought both a direct appeal with the First Circuit, as well as an original Section 2255 motion in the district of his conviction. However, the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Petitioner's claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

For all of these reasons, Petitioner has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241 claim in this Court. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[5]

## II.  Denial of *in Forma Pauperis* Status on Appeal

The Court also **DENIES** Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is appropriate to address these issues in this Order. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[5]  Because the Court cannot address the relative merits of Petitioner's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Petitioner's underlying convictions are predicate felonies within the meaning of the ACCA absent the residual clause.

theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Petitioner *in forma pauperis* status on appeal.

CONCLUSION

For the above stated reasons, the Court **DISMISSES** Petitioner's Petition and **DENIES** him leave to appeal *in forma pauperis*. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

SO ORDERED, this __19__ day of __July__, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA